# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-506


JAMES E. MCCRORY

VERSUS

CAN DO, INC., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-16413
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*

## BILLY H. EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy H. Ezell, and James T. Genovese, Judges.


**MOTION TO DISMISS APPEAL DENIED.**


Andrew Robinson Johnson, IV
Plauche, Smith & Nieset
Post Office Box 1705
Lake Charles, LA 70629
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLEE:
    Lake Charles Pilots, Inc.

Lawrence N. Curtis
Attorney at Law
Post Office Box 80247
Lafayette, LA 70598-0247
(337) 235-1825
COUNSEL FOR PLAINTIFF/APPELLANT:
    James E. McCrory

**Clayton Arthur Larsh Davis**
**Lundy & Davis**
**Post Office Box 3010**
**Lake Charles, LA 70602-3010**
**(337) 439-0707**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**Asphalt Associates, Inc.**
**West American Insurance Co.**
**Dockwise USA, Inc.**
**Dockwise Shipping B.V.**
**Shelf Company Management Services, Ltd.**
**The Standard Club**

**Elizabeth O. Clinton**
**John B. Peuler**
**Peuler & Ernst**
**701 Poydras Street, Ste 3845**
**New Orleans, LA 70139**
**(504) 587-7107**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Can Do, Inc.**

EZELL, Judge.

The Appellees, Can Do, Inc.; Dockwise USA, Inc.; and Lake Charles Pilots, Inc., move to dismiss the appeal of the Appellant, James E. McCrory, contesting the trial court's finding that Appellant has met the burden imposed by La.R.S. 9:5824 for receiving an extension of legal delays following Hurricane Rita which hit Cameron Parish on September 24, 2005. For the reasons given below, we deny the motion.

This case involves a personal injury claim filed by Appellant whose fishing boat was capsized by a nearby vessel which was engaged in heavy-lift operations in the Calcasieu Ship Channel on December 4, 2001. A jury trial was held from August 15, 2005 to August 18, 2005, and the jury found that Appellant was 93% at fault and Defendant, Bell Pass Towing, was 7% at fault. Appellees were adjudged to be free from any fault.

Because Hurricanes Katrina and Rita swept through Louisiana in the weeks following the trial, the judgment on the jury's verdict rendered on August 18, 2005, was not signed by the trial court until November 2, 2005, and the Notice of Judgment was sent on November 7, 2005. On May 31, 2006, Appellant filed via facsimile a Motion and Order for Devolutive Appeal in which he incorporated a request to have the legal deadline for filing an appeal extended until June 1, 2006, pursuant to La.R.S. 9:5824. On June 16, 2006, the trial court, without having held a contradictory hearing, granted Appellant the requested relief.

After the appeal was lodged in this court, Appellees filed a motion to have the appeal dismissed as untimely, or, alternatively, to have the case remanded to the trial court for a contradictory hearing on Appellant's

1

entitlement to relief under La.R.S. 9:5824. On September 6, 2006, this court remanded this matter to the trial court, finding that a contradictory hearing must be held to determine if Appellant is entitled to a time delay extension under La.R.S. 9:5824. Appellant filed with the Louisiana Supreme Court a writ application which was denied on December 8, 2006. *See McCrory v. Can Do, Inc.,* 06-2406 (La. 12/8/06), 943 So.2d 1086.

On April 17, 2008, the trial court conducted a contradictory hearing to determine whether Appellant is entitled to an extension of the appeal delay pursuant to La.R.S. 9:5824. The district court found that Appellant is entitled to relief under this statute. Therefore, this appeal was again lodged in this court on April 28, 2008. On May 6, 2008, Appellees filed the instant motion to dismiss the appeal.

Appellees argue that the trial court erred in granting Appellant an extension of the appeal delay because despite the devastation caused when Hurricane Rita hit Cameron Parish where Appellant lives, Appellant still had access to a telephone, reliable transportation, and his attorney who had an operational law office in Lafayette, Louisiana. As such, Appellees argue that Appellant has not satisfied his burden for obtaining relief under La.R.S. 9:5824.

Louisiana Revised Statute 9:5824 provides that:

A. The legislature finds that Hurricanes Katrina and Rita created a statewide emergency which affected the entire judicial system in this state and all legal communities, and prohibited the court system from functioning as required by law. The legislature acknowledges that the proper functioning of this state's judicial system is essential to the administration of justice for all citizens. The legislature also recognizes that the courts in Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, and Vermilion, the legal communities, and the citizens were so severely devastated and although the courts may be open on a limited basis, the

2

massive destruction of these areas continues to endanger and infringe upon the normal functioning of the judicial system, the ability of persons to avail themselves of the judicial system and the ability of litigants or others to have access to the courts or to meet schedules or time deadlines imposed by court order or rule or statute. The majority of residents and attorneys domiciled in these areas have been displaced and numerous client files, witnesses, evidence, records and documents have been lost, damaged, or destroyed. The legislature hereby declares that there is a compelling governmental interest in protecting the rights, claims, or actions of parties and the attorneys who represent them by granting additional time and access to these courts provided in this Section.

B. (1) Notwithstanding the provisions of R.S. 9:5822 or 5823, a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. **The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met.** If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006.

Emphasis added.

The trial court noted that the language of La.R.S. 9:5824 gives little guidance on what is meant by the requirement that a party prove that his motion for extension of time be filed in the "earliest time practicable". Nonetheless, the trial court found that the word "practicable" should be given a liberal interpretation so as to further the legislative intent for the statute

3

which was to provide aid for people devastated by an unprecedented catastrophe. In finding that Appellant was entitled to an extension of time for filing his appeal pursuant to the provisions of La.R.S. 9:5824, the trial court focused on the chaotic condition that existed in Cameron Parish in the wake of Hurricane Rita and the fact that Appellant's home had been totally destroyed by the hurricane. In that regard, the trial court found that the Appellant's most pressing practical considerations in the months following Hurricane Rita were finding permanent housing and reestablishing his normal way of life.

In support of their motion to dismiss this appeal, Appellees argue that the trial court erred by basing its ruling on the overall effect that Hurricane Rita had on Cameron Parish. Instead, Appellees assert that in determining whether Appellant was entitled to relief under La.R.S. 9:5824, the trial court should have focused on the storm's effect on this Appellant's ability to file an appeal. According to Appellees, Appellant did not file his motion for appeal at the earliest practicable time and nothing in the record supports a finding that but for Hurricane Rita, Appellant would have met the appeal deadline.

Asserting that Appellant cannot avail himself of the provisions of La.R.S. 9:5824 without presenting evidence that he filed his appeal at the earliest time practicable, Appellees cite *Parker v. B & K Construction Co., Inc.*, 06-1465 (La.App. 4 Cir. 6/27/07), 962 So.2d 484. In *Parker*, the plaintiff, who fell on a sidewalk near a construction site in New Orleans, Louisiana, on February 1, 2005, retained an attorney to handle her personal injury claim. However, after Hurricane Katrina hit New Orleans, the attorney evacuated and asked another attorney to handle his files which numbered more than two hundred and were not well organized. The new attorney also evacuated and

4

was unable to return to New Orleans to access the files for an extended period of time. For these reasons, the plaintiff's new attorney argued that it was not possible to discover the prescriptive deadline in the plaintiff's case, and, as such, suit was filed at the earliest time practicable on March 6, 2006. The Fourth Circuit found that the plaintiff did not establish that the suit would have been timely filed but for the effects of Hurricanes Katrina and Rita. Rather, the court found that the disorganization of the files of the plaintiff's original attorney was the primary impediment to a timely filing of the plaintiff's suit. The court concluded that such circumstances did not warrant the application of La. R.S. 9:5824 to extend prescriptive deadlines.

Appellant argues that the *Parker* case is distinguishable from the instant case. Appellant points out that although the plaintiff in *Parker* did not actually file a motion for an extension under La. R.S. 9:5824 to file her lawsuit; the court, nonetheless, discussed the plaintiff's arguments regarding entitlement to relief under La. R.S. 9:5824 in light of the statute's provision that the failure to file a motion for extension does not preclude a party from using the basis of such a motion to overcome an exception of prescription. Appellant contends that while the impediment to a timely filing in the *Parker* case was the attorney's disorganized files, the impediment to a timely-filed appeal in the instant case was an elderly gentleman's daunting task of having to rebuild his life after losing his home and everything that he owned about a month after his case was tried.

Appellant asserts that the trial court's finding that he was entitled to relief under La. R.S. 9:5824 was supported by the evidence in the record, including Appellant's testimony regarding his circumstances and an official

5

report on the effects of Hurricane Rita provided by the Louisiana Recovery Authority. Appellant points out that the report states that Cameron Parish was more severely damaged than any other parish and that Cameron Parish was closed to the public until June, 2006. Appellant contends that his motion for appeal was fax filed on May 31, 2006, at about the same time that the parish was reopened to the public. Appellant argues that if, as suggested by Appellees, access to transportation and telephone services were deemed the primary determining factors for denying relief under La. R.S. 9:5824, then this would result in the denial of relief to virtually everyone affected by Hurricanes Katrina and Rita. Additionally, Appellant argues that Appellees' position appears to be that Appellant's hardships should be given little or no weight simply because after the storm, he was capable of conducting his own affairs in connection with public assistance being provided to evacuees in need of food, shelter and other basic necessities.

We find that the clear wording of La.R.S. 9:5824 indicates that in order for Appellant to avail himself of an extension of time to appeal under the statute, he must prove that his appeal was filed at the "earliest time practicable." However, as noted by the trial court, the statute provides no guidance as to what constitutes "earliest time practicable." The jurisprudence has held that "[i]f the legislative language is unclear it must be interpreted according to the meaning that best conforms to the purpose of the law. The paramount consideration is ascertaining the legislative intent and reasons that prompted the legislature to enact the law." *Vogt v. Board of Levee Com'rs of Orleans Levee Dist.,* 95-1187 (La.App. 4 Cir. 9/4/96), 680 So.2d 149, 155 (citations omitted).

6

In the instant case, the legislative intent behind the statute at issue, La.R.S. 9:5824, is expressly set forth in Subsection A which provides that the statute's purpose is to protect the rights of litigants in parishes devastated by Hurricanes Katrina and Rita. Taking into consideration the massive destruction of certain parishes such as Cameron Parish and the resulting interruption to Louisiana's judicial system, the legislature intended to give litigants from these areas additional time in which to have access to the courts and to meet time deadlines imposed by law. Since Appellant herein was domiciled in Cameron Parish and lost his home and all of his belongings due to Hurricane Rita, we find that Appellant falls within the category of litigants sought to be protected by the statute. Also, we find that the hardship circumstances experienced by Appellant were those anticipated by the legislature when enacting La.R.S. 9:5824.

Therefore, we agree with the trial court's finding that a liberal meaning, rather than the strict interpretation suggested by Appellees, should be given to the phrase "earliest time practicable." In that regard, we note that in the wake of Hurricane Rita, Appellant, an elderly man, was faced with devastating circumstances, such as the loss of his home and belongings, the destruction of the town in which he lived, and a total interruption of his normal way of life. Accordingly, we find that although Appellant testified that there was nothing preventing him from calling his attorney at an earlier time regarding his appeal, it was not totally "impractical" for Appellant to let his basic needs for survival take precedence over the requirement that he file his appeal timely. Therefore, under the circumstances herein, we find that Appellant's filing his motion for appeal around the time that Cameron Parish was reopened to the public

7

satisfies the requirement that his appeal be filed at the "earliest time practicable." We find that such a conclusion is in agreement with the legislative intent in adopting La.R.S. 9:5824. Therefore, we find no error in the trial court's ruling and hereby deny Appellees' motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**