917 So.2d 443 (2005)
Ralph KATZ
v.
ALLSTATE INSURANCE COMPANY.
No. 2004-CA-1133.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 2005.
*444 Davidson S. Ehle, III, Michelle H. Hesni, Ehle & Hesni, Inc., Gretna, Counsel for Plaintiff/Appellant.
Celeste R. Coco-Ewing, Judy Y. Barrasso, Barrasso Usdin Kupperman Freeman & Sarver, LLC., New Orleans, Counsel for Defendant/Appellee.
Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III and Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, J.
This litigation arises out of a homeowner's insurance claim for hail damage. The trial court's granting of an Exception of Prescription in favor of Allstate Insurance Company (Allstate) and against Ralph Katz is the subject of this appeal. We affirm the judgment of the trial court.

Facts and Procedural History
On January 23, 2000, Mr. Katz's home, located at 5629 Cherlyn Drive in New Orleans, sustained hail damage. Allstate was the homeowner's insurer at the time of the loss. Payments were made under the policy for damages to Mr. Katz's carport and automobile. After negotiations between Mr. Katz and Allstate failed to resolve Mr. Katz's supplemental claim for damages to the roof of the residence, Mr. Katz filed a Petition for Damages on August 23, 2001.
On October 26, 2001, Allstate filed the first of two Exceptions of Prescription. Allstate maintained that the insurance policy on Mr. Katz's home clearly provided that suit must be brought within one year after the inception of the loss or damage. In opposition, Mr. Katz argued that Allstate's actions (the appraisal process and the acceptance of supplemental claims until August 31, 2001) led him to believe that he was not required to file suit within one year of the loss. On December 12, 2001, Allstate's exception was denied without prejudice pending further discovery. The deposition of the Allstate insurance agent assigned to the case, Jerome Liuzza, was subsequently taken.
After completing discovery, Allstate reurged the Exception of Prescription on February 5, 2004. Allstate argued, therein, that Mr. Liuzza's deposition testimony failed to support Mr. Katz's assertions that prescription had not run. The trial court heard the matter on May 14, 2004. Judgment was rendered on May 24, 2004, granting Allstate's Exception of Prescription with prejudice. Mr. Katz's timely devolutive appeal followed.

Standard of Review
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61. When evidence is received on the trial of the peremptory exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard as articulated in Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993).
Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes `against prescription and in favor of the claim that is said to be extinguished."' Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc., 94-1317, 94-1318 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting Louisiana Health Service *445 v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, 1098).
When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992); Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49.

Argument

Assignment of Error # 1
Mr. Katz argues that the trial court erred in failing to find that Allstate's extended appraisal process waived by inducement the prescriptive period contained in the policy. In support of this argument, Mr. Katz sets forth the following: 1) On June 30, 2000, Allstate informed Mr. Katz that his supplemental claim for damages to the roof of the residence was denied. At that time, he was also informed of his rights to the appraisal process as provided by the policy;[1] 2) Mr. Katz availed himself of the appraisal process on September 4, 2000; 3) On September 25, 2000, Mr. Katz's appraiser proposed four umpires, and all four were immediately rejected by Allstate; 4) On December 7, 2000, Mr. Katz's appraiser proposed four additional umpires; 5) On January 23, 2001, Allstate rejected these umpires and suggested two additional names; 6) Letters from Allstate, dated January 30, 2001, and August 17, 2001, indicate that Allstate was still willing to negotiate and resolve Mr. Katz's claim.
Mr. Katz maintains that he was justified in believing that the one-year prescriptive period was waived and that the appraisal process was extended in light of Allstate's continued negotiations past the one-year anniversary of the loss. In particular, he argued before the trial court that Mr. Liuzza told Mr. Katz that he was not giving up his right to file suit by participating in the appraisal process.
Allstate countered Mr. Katz's argument by introducing an excerpt of MR. Liuzza's deposition in which Mr. Liuzza stated that he never told Mr. Katz that the appraisal process interrupted prescription, never told Mr. Katz that the prescriptive period was coming up, and never suggested that Mr. Katz needed a lawyer to represent him. On appeal, Allstate points out that Mr. Katz introduced no evidence at trial in support of his position.
A review of the jurisprudence shows that an insurer's conduct can constitute an unintended waiver of its right to claim the benefit of a one-year limitation period for bringing a suit. Blum v. Cherokee Insurance Company, 336 So.2d 894, 898 (La.App. 4 Cir.1976). However, the legislature has afforded some protection to insurers against unintended waivers, by stating that mere investigation or negotiation does not, by itself, waive the insurer's right to claim the benefit of an applicable policy provision. La. R.S. 22:651; Blum, at 897. R.S. 22:651 provides:
None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:
(1) Acknowledgment of the receipt of notice of loss or claim under the policy.
(2) Furnishing forms for reporting a loss or claim, for giving information relative *446 thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or incompleted.
(3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim.
This court, in Blum, construed La. R.S. 22:651 to mean simply that mere investigation or negotiation does not alone constitute a waiver of an insurer's right to claim the benefits of an applicable policy provision. Nevertheless, such actions by an insurer can constitute part of an implied waiver or of a lulling process. Between the cases involving mere negotiations and those involving outright promises to pay, there are a myriad of cases in the hazy area, each of which must be decided on its own facts and circumstances. Blum at 897.
It is generally recognized that, unless an insurer couples an admission of liability along with other acts and conduct which reasonably induce the insured to believe that his claim will be settled without suit, the insurer is not precluded from invoking an applicable limitation period in the policy. Id. at 898. See also Stephens v. Audubon Insurance Co., 27,658 (La.App. 2 Cir. 12/6/95), 665 So.2d 683. Further, "unless the insurer in some manner leads the insured to reasonably believe the time limitation has been waived while the claim is under consideration or in some other way acts so as to induce the insured to withhold suit, the suit must be filed within the prescribed period even if the claim is pending." Blum, at 898. See also Maurice v. Prudential Insurance Co., 02-0993 (La. App. 4 Cir. 10/23/02), 831 So.2d 381.
Maurice involved a very similar situation concerning the January 23, 2000 hailstorm. The plaintiff in Maurice failed to file suit within one year of the loss because of ongoing negotiations with the insurer. We concluded that the action had prescribed. As in the present case, the insurance policy in Maurice required that legal action must be instituted within one year of the loss, and we found such a provision to be valid.
In the instant case, Allstate has shown that the policy required Mr. Katz to institute legal proceedings within one year from the date of the loss. Therefore, on the face of the petition, Mr. Katz's claim is untimely. The question to be resolved in this appeal then becomes whether Mr. Katz met his burden in demonstrating that the overall actions of Allstate led him to believe the insurer would not require compliance with the policy provision that suit must be filed within one year from the loss.
After a thorough review of the record, we find that Mr. Katz failed to establish that Allstate's statements or actions constituted a waiver of prescription. The correspondence between Allstate and Mr. Katz did not contain any promise to honor or pay Mr. Katz's claim. As the jurisprudence has established, Allstate's participation in negotiations (or in this case, the appraisal process) did not constitute a waiver of Allstate's right to claim the benefit of a one-year limitation period for bringing a suit. Other than his own assertions, Mr. Katz produced no evidence to establish that he withheld suit in reliance on any words or actions of Allstate or its adjuster.
As we stated in Blum, each case must be decided on its own facts and circumstances. Moreover, an appellate court may not set aside the district court's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart. Considering the facts of this case, we find that Mr. Katz was unable to meet this *447 burden. Accordingly, we find no error on the part of the trial court.

Assignment of Error # 2
In his second assignment of error, Mr. Katz next argues that the trial court erred in failing to find that prescription on his claim was suspended due to the timely filing of a class action lawsuit arising out of the January 23, 2000 hailstorm. In support of this argument, Mr. Katz relies on La. C.C.P. art. 596, which states:
Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, from the submission of that person's election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.
In response, Allstate submits that Mr. Katz elected to file his individual lawsuit and failed to do so timely. Moreover, Allstate argues that Mr. Katz should not be allowed to revive his prescribed action by claiming the benefit of a class action in which he never intended to participate. Allstate further maintains that Mr. Katz's reliance on La. C.C.P. art. 596 is misplaced because the article makes no reference to limitations periods imposed as a matter of contract between a defendant and a putative class member. We conclude that the filing of the class action did not alter the contractual prescriptive period that this court has heretofore held to be valid and that this argument is without merit.

Decree
For the foregoing reasons, we affirm the judgment of the trial court granting an Exception of Prescription in favor of Allstate Insurance Company and against Ralph Katz.
AFFIRMED.
MURRAY, J., concurs and assigns reasons.
MURRAY, J., concurs and assigns reasons.
I write to further expand upon the majority's discussion of whether the filing of the class action suit suspended prescription on Mr. Katz's claim against his insurer.
Neither party has cited, nor have I found, a Louisiana case that addresses the precise issue presented herein, which seems to be one of first impression.
Allstate argues that the reference to "liberative prescription" in La. C.C.P. article 596 means that the suspension granted under that article does not apply to contractual prescription periods such as the one at issue herein. In addition, Allstate cites federal district court cases from various jurisdictions which hold that a plaintiff who files an independent action before a determination on class certification has been made cannot benefit from the tolling of prescription applicable to putative class members under federal law. The underlying rationale for this rule, which is that the plaintiff has effectively "opted out" of the *448 class action by filing his own suit, seems to apply to the instant situation as well.
As the plaintiff has not cited any authority that supports his argument, I agree with the majority that the trial court did not err by granting the exception of prescription. Accordingly, I respectfully concur in the result.
NOTES
[1] Pursuant to the appraisal process, each party selects an impartial appraiser. The appraisers then select an umpire.