953 So.2d 826 (2007)
ELEVATING BOATS, INC.
v.
PARISH OF PLAQUEMINES, Plaquemines Parish School Board and Plaquemines Parish Sheriff's Office.
No. 2006-CA-1208.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2007.
Eric J. Derbes, Albert J. Derbes III, The Derbes Law Firm, L.L.C., Metairie, LA, for Plaintiff/Appellee.
Darryl W. Bubrig, Sr., District Attorney, 25th Judicial District, Parish of Plaquemines, Belle Chasse, LA, and Gilbert V. Andry IV, Assistant District Attorney, New Orleans, LA, for Plaquemines Parish School Board.
Michael L. Mullin, Assistant Parish Attorney, Plaquemines Parish Government, Belle Chasse, LA, for Plaquemines Parish Government.
Court Composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge MAX N. TOBIAS, JR.
MAX N. TOBIAS, Jr., Judge.
The defendants/appellants, Plaquemines Parish Government and Plaquemines Parish School Board (collectively referred to as "the defendants"),[1] appeal from a judgment in favor of plaintiff/appellee, Elevating Boats, Inc. ("EBI"), which refunds to EBI sales and use taxes for the tax years 1992-94. For the reasons that follow, we affirm the judgment.
EBI is a manufacturer of boats, cranes, and related products located in St. Bernard Parish, Louisiana, for the purposes of liability for sales and use taxes. However, for the years 1992 through 1994, EBI paid its sales taxes to the defendants. This litigation arises out of EBI's attempt to recover those taxes.
*828 The defendants oppose refunding any taxes, arguing that the claim to some or all of the taxes is prescribed and that no refund should be allowed because payment of the taxes to the defendants was made in an effort to defraud St. Bernard Parish.
The matter went to trial on 9 March 2005, and on 13 March 2006, the trial court entered judgment in favor of EBI in the total sum of $122,450.00 plus interest in accordance with La. R.S. 47:337.40, and all costs. The defendants were ordered to pay said amount according to their respective tax rates.
In its well-reasoned opinion upon which this court relies in substantial part, the trial court found that EBI's claim for a refund had not prescribed. In so holding, the trial court relied on chapters contained in Plaquemines Parish Government Ordinance No. 174. A chapter entitled "REFUNDS AND REIMBURSEMENTS" contains the following provision:
SECTION 10.04. Where no question of fact or law is involved, and it appears that the records of the Governing Authority that any moneys have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the Collector may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund and thereupon the Collector shall authorize the payment thereof from any appropriation available for such purposes.[2]
The following chapter, entitled "REMEDIES OF THE DEALER," contains the provisions below:
SECTION 11.01. A right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of any amount found due, or the enforcement of any provisions of such laws in relation thereto, such dealer shall pay the amount found due by the Collector and shall give the Collector notice, at the time, of his intention to file suit for the recovery of the same; and upon receipt of such notice the amount so paid shall be segregated and held by the Collector for a period of thirty (30) days; and if suit be filed within such time for recovery of such amount; such funds so segregated shall be further held, pending the outcome of such suit. If the dealer prevails, the Collector shall refund the amount to the claimant, with interest at the rate of two per cent (2%) per annum covering the period from the date the said funds were received by the Governing Authority to the date of refund.
* * *
SECTION 11.04. If any dealer shall be aggrieved by any finding or assessment of the Collector, he may, within thirty (30) days of the receipt of notice of the assessment or finding, file a protest in writing signed by him or his duly authorized agent, which shall be under oath and shall set forth *829 the reasons therefore, and he may request a hearing. Thereafter, the Collector shall grant a hearing to such dealer, if a hearing has been requested, and may make an order confirming, modifying, or vacating any such finding or assessment. The filing of any such protest shall not abate any penalty for non-payment, nor shall it stay the right of the Collector to collect the tax in any manner herein provided unless the dealer shall furnish security of a kind and in an amount satisfactory to the Collector. Appeals from the decision of the Collector shall be direct to any State, City or Federal Court of competent jurisdiction as provided for in Section 11.02.
The trial court held that rather than the two-year period provided by parish ordinance, the three-year period provided by state law controlled the prescription issue. La. R.S. 33:2718.1, enacted in 1984, provided in pertinent part:
A. (1) After three years from December 31 of the year in which the local sales and use tax becomes due or after one year from the date the local sales and use tax is paid, whichever is later, no refund or credit for overpayment shall be made unless a claim for credit or refund has been filed by the taxpayer with the political subdivision before the expiration of such period.
This section was repealed by the legislature in 2003 and replaced with the "Uniform Local Sales Tax Code" found at La. R.S. 47:337.77, which provides for refund of overpayments due to "error, omission, or a mistake of fact of consequence to the determination of the tax liability," and La. R.S. 47:337.79[3] that contains the same three-year/one-year prescriptive period for refunds or credits. The trial court relied on Elevating Boats, Inc. v. St. Bernard Parish, 00-3518, p. 31 (La.9/5/01), 795 So.2d 1153, 1174, wherein the Supreme Court stated:
While up holding the state statute over the local ordinance in BP Oil [Co. v. Plaquemines Parish Government, 93-1109 (La.9/6/94), 651 So.2d 1322], we reasoned that a Parish ordinance could not be less beneficial to the taxpayer than state law required.
See also, La. Const. art. VII, § 16, which states: "Taxes, except real property taxes, and licenses shall prescribe in three years after the thirty-first day of December in the year in which they are due, but prescription may be interrupted or suspended as provided by law."
In applying a three-year prescriptive period, the trial court found:
The action which makes the computation of this time period relevant is the filing of amended tax returns by EBI on October 24, 1995. These were *830 filed as a result of litigation instituted against EBI in St. Bernard Parish and the supervisor of the sales tax department for the Government was asked not to act on them until the litigation was completed. That amended return tolled the running of the prescriptive period for three previous years  that is, for 1992, 1993, and 1994. While EBI claims a refund for all the years in question including 1991, the right of receiving a refund for that tax year prescribed on December 31, 1994.
The trial court also rejected the defendants' argument that the incorrect payment of taxes to Plaquemines Parish was fraudulent and not a mistake of fact or law.[4] The trial court found no such proof.
The defendants have assigned two errors. First, the trial court applied the wrong prescriptive period to EBI's claim for refunds and, second, the trial court was manifestly erroneous when it found that the defendants failed to prove fraud or bad faith on the part of EBI.
The application of one prescriptive statute over another is a question of law, thus requiring a de novo review. Cleco Evangeline, L.L.C. v. Louisiana Tax Com'n, 01-2162, p. 3 (La.4/3/02), 813 So.2d 351, 353. Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes `against prescription and in favor of the claim that is said to be extinguished.'" Katz v. Allstate Ins. Co., 04-1133, p. 2 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444, citing Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc., 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting Louisiana Health Service and Indemnity Co. v. Tarver, 93-2449, pp. 11-12 (La.4/11/94), 635 So.2d 1090, 1098).
The defendants argue that the trial court applied a state statute, La. R.S. 47:337.79, which became effective approximately nine years after the transactions at issue took place, and not the local ordinance in effect at the time the taxes were erroneously paid. However, the state statute in effect at the time of the transactions, La. R.S. 33:2718.1 (quoted above in pertinent part), is virtually identical to the language in La. R.S. 47:337.79, providing for a three-year prescriptive period. Thus, we find no merit in the defendants' argument.
The defendants also contend that the trial court committed manifest error in failing to find that EBI acted fraudulently, thereby extinguishing its claim for refunds. The trial court's finding of a lack of fraud was made after hearing all the testimony and reviewing the evidence entered at trial.
The manifest error standard of review requires that even where a reviewing court may believe that its own evaluations and inferences are more reasonable than the fact finder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal where the record merely demonstrates conflicting testimony as to the facts at issue, and the fact finder chooses to believe one version, rather than the other.
Salvant v. State, 05-2126, pp. 19-20 (La.7/6/06), 935 So.2d 646, 660.
We have reviewed the record and do not find that the trial court was manifestly erroneous in finding that the defendants *831 failed to prove fraud on the part of EBI. Therefore, we find this assignment of error to be without merit.
Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] While sales and use taxes were paid to both of the defendants, Plaquemines Parish Government was the collection agency for the school board.
[2] In 1998, Article III of the Plaquemines Parish Code of Ordinances was amended to include section 14-164, entitled "Refunds for erroneous overpayments." The section contains language virtually identical to that found in section 10.04, except for language allowing for repayment of taxes for "three (3) years from December 31 of the year in which the tax becomes due or within one (1) year from the date the tax was paid, whichever is later." We agree with the defendants that section 14-164 does not apply to taxes paid erroneously before its enactment.
[3] § 337.79. Prescription of refunds or credits

A. After three years from the thirty-first day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made unless a claim for credit or refund has been received by the collector from the taxpayer claiming such credit or refund before the expiration of said three-year or one-year period. The maximum amount, which shall be refunded or credited, shall be the amount paid within said three-year or one-year period. The collector shall prescribe the manner of filing claims for refund or credit.
B. Provided that in any case where a taxpayer and the collector have consented in writing to an extension of the period during which an assessment of tax may be made, the period of prescription for refunding or crediting overpayments as provided in this Section shall be extended in accordance with the terms of the agreement between the taxpayer and the collector.
[4] In doing so, the defendants relied on Elevating Boats, supra, in which the Supreme Court affirmed the trial court's finding of fraud.