962 So.2d 484 (2007)
Mary Josephine PARKER
v.
B & K CONSTRUCTION COMPANY, INC., Liberty Mutual Insurance Company, and Sewerage and Water Board of New Orleans.
No. 2006-CA-1465.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2007.
Judy A. Pace, New Orleans, LA, for Plaintiff/Appellant.
D. Russell Holwadel, Johnston, Hoefer, Holwadel & Eldridge, LLC, New Orleans, LA, and Harold D. Marchand, New Orleans, LA, for Sewerage & Water Board of New Orleans.
John F. Deas, Law Offices of Marvin H. Olinde, Metairie, LA, for B & K Construction Co., Inc. and Liberty Mutual Insurance Company.
Court composed of Judge JAMES F. McKAY III, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME.
*485 ROLAND L. BELSOME, Judge.
Plaintiff-Appellant Mary Josephine Parker appeals the trial court's grant of Defendants-Appellees' Exception of Prescription. For the reasons that follow, we affirm.
FACTS
Mary Josephine Parker (hereafter "Ms. Parker"), Appellant, alleges that she sustained injuries after falling over a wire fence that was blocking the sidewalk of the 900 block of Melpomene Street in New Orleans on February 1, 2005. The sidewalk was adjacent to a construction site where repairs were being performed by B & K Construction Company for the Sewerage and Water Board of New Orleans. On March 6, 2006, counsel for Ms. Parker filed suit. B & K Construction Company, Liberty Mutual Insurance Company, and the Sewerage and Water Board of New Orleans (hereafter collectively "Appellees") subsequently filed exceptions of prescription, arguing that the petition was prescribed on its face because it had been filed more than one year after the alleged incident.
PROCEDURAL HISTORY
After hearing on July 21, 2006, the trial court took the matter under advisement and ultimately granted the exceptions of prescription on July 25, 2006.[1] This appeal followed.
STANDARD OF REVIEW
This Court, in Katz v. Allstate Ins. Co., set forth the appellate standard of review for a grant an of exception of prescription:
[i]n reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61. When evidence is received on the trial of the peremptory exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard as articulated in Stobart v. State Through Dept. of Transp. And Development, 617 So.2d 880 (La.1993).
Katz v. Allstate Ins. Co., 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444.
Additionally, it is well-settled that "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes `against prescription and in favor of the claim that is said to be extinguished.'" Katz, 917 So.2d at 445 (quoting Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc., 94-1317, 94-1318 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214, and Louisiana Health Service v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, 1098).
DISCUSSION
Enacted after Hurricanes Katrina and Rita, La. R.S. 9:5824 served to suspend and/or extend prescriptive deadlines due to the catastrophic statewide effects on the judicial system. The statute provides, in pertinent part:
Notwithstanding the provisions of R.S. 9:5822 or 5823, a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney *486 is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. 9:5822 and 5823, by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006.
La. R.S. 9:5824 B(1)(emphasis added).[2] The failure to seek such relief, however, does not preclude a party from overcoming an exception of prescription; the statute further provides that "[t]he failure to file the motion [for extension or suspension of prescription or preemption periods] authorized in Paragraph (1) of this Subsection shall not preclude a party from using the basis of the motion as a defense to an exception of prescription." La. R.S. 9:5824 B(2)(emphasis added). Accordingly, for a suspension or extension of prescription to apply, a party must have sought a suspension or extension prior to June 1, 2006, in the appropriate jurisdiction.[3]
In Appellant's sole assignment of error,[4] it is argued that the trial court erred in finding that Appellant failed to meet the burden of proving that she was permitted an extension of prescription for filing her lawsuit to March 3, 2006. Appellant listed several reasons for not filing suit prior to March 3, 2006, including the following: that the instant case was originally handled by another attorney, Harold P. Ducloux, III, with whom counsel for Appellant shared an office; that Mr. Ducloux evacuated after Hurricane Katrina and requested that counsel for Appellant manage all of his files, which exceeded two hundred in number, until he could return to New Orleans; that Mr. Ducloux's files were not organized; that counsel for Appellant was not provided with a list of active cases or approaching deadlines, nor *487 a list of which files were open and which were closed, nor a list of which files were civil matters and which were criminal matters; and finally, that counsel for Appellant had also evacuated and was thus unable to enter New Orleans to access the files for an extended period of time. Therefore, counsel for Appellant maintains that it was not possible to discover that the prescriptive deadline in this case was approaching, and that as a result of the above-mentioned factors, suit was filed at the earliest time practicable, on March 6, 2006.
Because Appellant's petition is prescribed on its face, Appellant bears the burden of proving that the claim has not prescribed:
[w]hen an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. However, if prescription is evident on the face of the pleadings . . . the burden shifts to the plaintiff to show the action has not prescribed.
Katz, 917 So.2d at 445 (citing Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992) and Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49).
Additionally, assuming arguendo that counsel for Appellant had actually filed a motion for extension or suspension of prescription as clearly mandated by La. R.S. 9:5824, Appellant would still have had to demonstrate, by a preponderance of the evidence, that the claim was filed at the earliest time practicable and that "but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met." La. R.S. 9:5824. In this case, however, not only did Appellant fail to seek either a suspension or extension of prescription pursuant to 9:5824, but Appellant also failed to set forth any evidence in support of the argument that the claim was filed at the earliest time practicable.
Although we sympathize with Appellant's plight, the petition is irrefutably prescribed on its face, and moreover, counsel for Appellant failed to seek the proper remedy under La. R.S. 9:5824. Even under the statute's provision allowing counsel for Appellant to use the basis of an unfiled motion requesting a suspension or extension of legal deadlines as a defense to an exception of prescription, we find that counsel for Appellant did not establish that the suit would have been timely filed but for the effects of hurricanes Katrina and Rita. Rather, counsel for Appellant merely demonstrated that the disorder of Mr. Ducloux's files was the primary impediment to the timeliness of filing the lawsuit. We do not believe that such a situation was envisioned as a basis for extending prescriptive deadlines under La. R.S. 9:5824. Therefore, in this case, we find that the trial court was not manifestly erroneous in its determination that Appellant failed to meet the burden of proving that her claims would have been timely filed but for the effects of the hurricanes. Appellant's assignment of error therefore lacks merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed and amended to include Liberty Mutual in the judgment granting the exceptions of prescription.
AFFIRMED AS AMENDED.
NOTES
[1] The trial court's judgment granted the exceptions of prescription in favor of B & K Construction Company and the Sewerage and Water Board of New Orleans; however, the judgment did not include a disposition as to the exception filed by Liberty Mutual Insurance Company. Because this appears to be a technical error, we amend the trial court's judgment to reflect a judgment in favor of Liberty Mutual Insurance Company for its exception of prescription.
[2] The other relevant statutes, La. R.S. 9:5822 and 9:5823, provide no relief to Appellant in this case, as those statutes explicitly suspend prescription only for deadlines or prescriptive periods that would have occurred between August 26, 2005 and January 3, 2006. In this case, the prescriptive period lapsed in February 2006. Moreover, that legislation only suspended prescriptive deadlines through January 3, 2006, and because the lawsuit in this case was not filed until March 2006, La. R.S. 9:5822 and 9:5823 are thus inapplicable.
[3] Pursuant to Louisiana Civil Code article 3492, delictual actions are subject to a liberative prescription of one year, which begins to run from the date that the alleged injury is sustained. La. Civ.Code art. 3492.
[4] Appellant additionally set forth one "Issue Not Presented to the Trial Court," maintaining that an issue existed regarding whether Appellant's appeal was timely filed "when the Notice of Signing of Judgment was sent to Plaintiff's Counsel at an incorrect address and when the Judgment did not appear in the Court's record until fifteen days after it was signed." Because Appellant's appeal was timely filed, we find it unnecessary to address this issue.