KAREN GETTRIDGE
v.
ORLEANS PARISH SCHOOL BOARD
No. 2009-CA-0146.
Court of Appeals of Louisiana, Fourth Circuit.
June 10, 2009.
NOT DESIGNATED FOR PUBLICATION
CHARLES M. (LARRY) SAMUEL III, RITTENBERG SAMUEL & PHILLIPS, L.L.C. Counsel for Plaintiff/Appellant.
MARK E. BEST, PETER S. KOEPPEL, LAURENCE E. BEST, BEST KOEPPEL, Counsel for Defendant/Appellee.
Court composed of Judge JONES, Judge McKAY, III, and Judge BAGNERIS, Sr.
DENNIS R. BAGNERIS, Sr., Judge.
Plaintiff/Appellant, Karen Gettridge ("Ms. Gettridge"), appeals the trial court's judgment sustaining the exception of prescription of Defendant/Appellee, the Orleans Parish School Board (the "School Board"). For the reasons stated below, we affirm the trial court's judgment.

FACTS
Ms. Gettridge began working for the School Board as an Assistant Secretary in September of 1987. In August of 1997, Ms. Gettridge requested a transfer to a teaching position for the 1997-1998 school year through the 2000-2001 school year. After being transferred to teach, Ms. Gettridge was classified as "temporary" because she lacked full certification to teach.
At the end of the 2000-2001 school year, the School Board terminated Ms. Gettridge from employment as a temporary teacher because she failed to complete her certification requirements. Ms. Gettridge's last day of work was on June 22, 2001. Ms. Gettridge received her final paycheck from the School Board in July of 2001. Thereafter, on October 2, 2001, Ms. Gettridge applied for unemployment benefits, whereby she acknowledged that she had been terminated from the School Board.
On June 1, 2004, Ms. Gettridge filed this suit for wrongful termination against the School Board. On November 7, 2008, following a hearing on the School Board's exception of prescription, the trial court dismissed Ms. Gettridge's petition with prejudice, finding that Ms. Gettridge's claims had prescribed. Ms. Gettridge now appeals this final judgment.

STANDARD OF REVIEW
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. Katz v. Allstate Insurance Company, 04-1133, p. 2 (La. App. 4 Cir. 2/2/05), 917 So. 2d 443, 444. Further, the standard controlling review of a peremptory exception of prescription requires that this Court strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Id.

DISCUSSION
The first issue to address is whether the trial court correctly applied the oneyear prescriptive period for delictual actions to this case. Ms. Gettridge argues that her claim was timely filed because she did not have actual or constructive notice of termination as a tenured secretary and was never terminated as a secretary. Further, Ms. Gettridge argues that this suit has not prescribed since she filed within the three year time period for a salary claim, and a ten year time period for breach of contract. The School Board's counter argument is that because Ms. Gettridge seeks reinstatement of her position and cites Louisiana statutory law as a basis for her claim of wrongful termination, the prescriptive period for wrongful acts is one year. The School Board further argues that neither the ten year prescriptive period for actions sounding in contract nor the three year prescriptive period for salary actions apply to this case because the School Board does not have a contract of employment with Ms. Gettridge and because Ms. Gettridge has never asserted that the School Board failed to pay her for her work.
After reviewing the record, we agree with the School Board that the cause of action at issue is the School Board's alleged wrongful act of failing to comply with La. R.S. 17:522[1] in terminating Ms. Gettridge as a tenured secretary after she was dismissed from the School Board as a non-tenured temporary teacher. See also Clark v. Wilcox, 928 So. 2d 104 (La. App. 1 Cir. 12/22/05) (whereby the trial court held that the primary basis for the plaintiff's action for reinstatement was East Baton Rouge Parish School Board's failure to comply with statutory law, which was a wrongful act subject to a one year prescriptive period). As such, we find that the trial court properly applied the one year prescriptive period for wrongful termination to this case.
In a wrongful discharge or termination case, the prescriptive period commences to run when the plaintiff has actual or constructive notice of the alleged wrongful termination. Clark, 928 So. 2d at 109. In this case, the evidence indicates that Ms. Gettridge's last day on the School Board campus was June 22, 2001, and that she received her final paycheck from the School Board in July of 2001. Thereafter, on October 2, 2001, Ms. Gettridge applied for unemployment benefits. Despite the fact that Ms. Gettridge knew, or should have known, that she had been terminated by the School Board in 2001, she did not file this suit until June 1, 2004.
Under these facts, we find the trial court properly found that Ms. Gettridge's claims for wrongful termination and reinstatement against the School Board had in fact prescribed. Accordingly, we hereby affirm the judgment of the trial court that dismissed Ms. Gettridge's claims against the School Board with prejudice.
AFFIRMED
NOTES
[1] La. R.S. 17 § 522. Probationary term and tenure; employees other than teachers

A. Each employee of the Orleans Parish School Board shall serve a probationary term of three years, such probationary term to be reckoned from the date of his first appointment to the position in which he is serving his probation. During this probationary term, the Orleans Parish School Board may dismiss or discharge any probationary employee upon the written recommendation of the superintendent of the Orleans Parish School Board, accompanied by valid reasons therefor.
B. (1) Any employee found unsatisfactory by the Orleans Parish School Board shall be notified in writing before the expiration of his probationary term that he has been discharged or dismissed. In the absence of such written notification, the probationary employee shall automatically become a regular and permanent employee of the Orleans Parish School Board at the expiration of his probationary term.
(2) All employees of the Orleans Parish School Board on July 26, 1944, who have served satisfactorily for more than three years are declared to be regular and permanent employees of the Orleans Parish School Board.
C. (1) Whenever an employee who has not completed the probationary period required to acquire permanent status is employed by the Orleans Parish School Board for a project or program of limited and specified duration or is employed in a position in which the employee is paid with funds other than operational funds generated from regular state or local sources, the time of service in such employment shall not be considered service time for purposes of completion of the probationary term required to acquire permanent status.
(2) Whenever an employee has acquired permanent status in the Orleans Parish school system and then is employed by the parish school board for a project or program of limited and specified duration or is employed in a position in which the employee is paid with funds other than operational funds generated from regular state or local sources, such employee shall not have or acquire regular and permanent status in such position, but shall retain any regular and permanent status previously acquired.
D. No employee, as defined in R.S. 17:521 hired by the Orleans Parish School Board on or after July 1, 2007, shall be eligible to acquire permanent status.