**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**09-668**

**MWD SERVICES, INC.**

**VERSUS**

**ANTHONY HUMPHRIES**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4,
PARISH OF LAFAYETTE, NO. 08-05881
HONORABLE SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Lawrence Curtis, Attorney at Law**
**P.O. Box 80247**
**Lafayette, LA 70598-0247**
**Counsel for Defendant-Appellant:**
    **Anthony Humphries**

**Reneé Willis, Attorney at Law**
**P.O. Box 98001**
**Baton Rouge, LA 70898-8001**
**Counsel for Plaintiff-Appellee:**
    **MWD Services, Inc.**

**PAINTER, Judge.**

The Workers' Compensation Judge (WCJ) maintained an exception of prescription as to medical benefits sought by claimant, Anthony Humphries. Humphries appeals, asserting that his employer, MWD Services, Inc. (MWD), did not present any evidence to establish when the last payment of medical expenses was made and that the WCJ failed to apply the law that was in effect at the time of accident. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Humphries was employed by MWD and was injured in an automobile accident on September 25, 1998, while in the course and scope of his employment. On July 10, 2000, the WCJ rendered judgment awarding Humphries $367.00 per week in indemnity benefits as well as "all reasonable and necessary medical expenses occasioned by his injury." MWD filed a motion for modification of judgment on July 1, 2008, seeking to have the indemnity benefits reclassified as supplemental earnings benefits (SEB) based on the allegation that Humphries had not seen his treating physician since June 26, 2003, at which time he was released to light duty work. MWD's motion was set for hearing; however, a minute entry signed by the WCJ on the date of the hearing indicates that "it became apparent that the matter could not move forward without having the issue of prescription addressed by the court." MWD then filed an exception of prescription alleging that the claim for medical benefits had prescribed pursuant to La.R.S. 23:1209 because more than five years had elapsed since Humphries' last medical treatment. The exception of prescription was heard on January 14, 2009. Counsel for MWD indicated that the adjuster was present to testify as to the date of the last payment of medical benefits. When asked by the court whether that date was in dispute, counsel for Humphries responded: "[w]e're not fighting about that." Therefore, no testimony was taken at the hearing. The WCJ took the matter under advisement, and the parties submitted briefs. On March 11, 2009, the WCJ issued written reasons for judgment and signed a judgment in favor of MWD, sustaining its exception of prescription and dismissing any and all of

Humphries' claims for medical benefits with prejudice. Humphries appeals, asserting that MWD did not present any evidence to establish when the last payment of medical expenses was made and that the WCJ failed to apply the provision of La.R.S. 23:1310.8 in effect on the date of his accident. Humphries alleges that he is entitled to seek a modification of the judgment to award additional medical expenses. However, no such assertion has been made by Humphries, and there is no allegation that any medical expenses have gone unpaid. MWD's motion for modification of judgment seeking to have the benefits reclassified remains outstanding.

## DISCUSSION

We first address Humphries' contention that the WCJ erred in sustaining the exception of prescription, alleging that MWD did not meet its burden of proof. Specifically, Humphries asserts that MWD did not produce any evidence to support the allegation that the last payment of medical benefits was for a June 26, 2003 visit.

We note that:

> If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, through DOTD*, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*, 617 So.2d at 882-83.

*Rando v. Anco Insulations, Inc.*, 08-1163, p. 10 (La. 5/22/09), ___ So.3d ___, ___.

But here, no evidence was introduced at the hearing on the exception. However, the claims adjuster was present at the hearing and was prepared to testify to the fact that the last payment for medical benefits was made in 2003. In his argument, Humphries ignores the fact that his counsel, in response to a specific question from the WCJ as to whether that fact was in dispute, informed the WCJ that they were "not fighting about that." Further, Humphries' counsel specifically stated: "His medical is being paid up until the last three or four years when he hasn't required any further medical."

2

Nonetheless, since no evidence was introduced at the hearing, the doctrine of manifest error does not apply to our review of the WCJ's legal conclusion. Our review of questions of law is simply to determine whether the trial court was legally correct. *Cangelosi v. Allstate Ins. Co.*, 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360, *writ denied*, 96-2586 (La. 12/13/96), 692 So.2d 375. And, in reviewing a peremptory exception of prescription, we must review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. *Katz v. Allstate Ins. Co.*, 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443. It is clear that the party urging the exception of prescription bears the burden of proving facts sufficient to support the exception. *Cichirillo v. Avondale Indus., Inc.*, 04-2894, 04-2918 (La. 11/29/05), 917 So.2d 424. This case is in a unique procedural posture since Humphries, the claimant, is the defendant and is making no immediate claim for payment of medical expenses. Thus, there is no pleading on which prescription can be evident on its face. We agree with the WCJ's conclusion that:

> [a] judgment of the OWC cannot award future medical benefits. As to the future, such an award can only grant the injured worker the right to reasonable and necessary medical treatment as it becomes necessary. The judgment itself cannot act as a continuing interruption of prescription. The right awarded in the judgment must be exercised by the injured worker to prevent the loss of that right.

Accordingly, based on the fact that there is no disagreement as to the fact that the date of the last medical payment was in 2003, we affirm the WCJ's finding that any claim by Humphries for medical benefits has prescribed.

We next turn to Humphries argument that the WCJ erred in applying the provisions of the law that were not in effect at the time of his accident in 1998. At the hearing on the exception, counsel for Humphries argued that La.R.S. 23:1209 did not apply to this case because it was not in effect at the time of the accident.

Louisiana Revised Statutes 23:1209(C) provides:

> All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take

3

effect until the expiration of three years from the time of making the last payment of medical benefits.

This particular provision concerning the three-year prescriptive period for medical benefits became effective September 6, 1985, well before the accident in question. It was redesignated as subsection (C) by Acts 1985, No. 926, §1, effective January 1, 1986. Although the statute has been amended several times, the three-year prescriptive period provided therein has not been changed. Realizing his mistaken argument at the hearing on the exception, Humphries now argues on appeal that La.R.S. 23:1310.8 was not effective until after the subject accident.

Louisiana Revised Statutes 23:1310.8 (D) provides that: "A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S. 23:1209." This provision did not exist at the time of Humphries' accident, and Humphries alleges that the WCJ erred in applying it to his case retroactively. We agree with the WCJ's finding that this statute has "no bearing on the applicability of 23:1209 to the present facts," and we find no merit to this assignment of error.

**DECREE**

For all of the foregoing reasons, the judgment of the WCJ is affirmed. All costs of this appeal are assessed to Defendant-Appellant, Anthony Humphries.

**AFFIRMED.**