JONES, J.,
concurs in part and dissents in part with reasons.
|,I agree with the finding of the majority that the Appellant, American Wholesale Fence Company, Inc. (“AWFC”), untimely sought review of the judgments of the district court granting the exceptions of no cause of action of the Appellees, Marion VanDenburgh Pritchard and the Orleans Parish Levee District, as to the mandamus and petitory actions of AWFC. However, as to the third issue raised by AWFC, I would reverse the judgment of the district court.
The third issue raised on appeal by AWFC is that the district court erred in granting the exception of prescription of *709 Ms. Pritchard as to the Petition for Declaratory Judgment of AWFC. The granting of an exception of prescription is reviewed by appellate court under the manifest error standard of review. An appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Parker v. B & K Const. Co., Inc., 06-1465, p. 2 (La.App. 4 Cir. 6/27/07), 962 So.2d 484, 485 (citing Katz v. Allstate Ins. Co., 04-1183 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, 444).
The Louisiana Supreme Court has explained that the right to seek a declaratory judgment does not itself prescribe. Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 708 (La.1993). “Rather, prescription is only an issue in terms of the plaintiffs standing to seek the declaratory judgment.” Id. at 708. This Court has previously held that in order to decide whether a cause of action has prescribed, the nature of the cause of action has to be known. We noted:
[t]he nature of a cause of action must be determined before it can be decided which prescriptive term is applicable. Hampton v. Hibernia National Bank, 598 So.2d 502 (La.App. 2nd Cir.1992); State of Louisiana, Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981). The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Star[ri}s v. Emmons, 538 So.2d 275 (La.1989).
dela Vergne v. dela Vergne, 99-0364, p. 8 (La.App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275 (quoting Pineda v. Ruppel, 94-136 (La.App. 5 Cir. 6/28/94), 639 So.2d 858).
The district court determined that the claim of AWFC against Ms. Pritchard had prescribed. The record, however, does not indicate whether the district court applied a delictual prescriptive period under La. C.C. art. 3492, a statutory prescriptive period under La. R.S. 12:1502(C) or a personal prescriptive period under La. C.C. art. 3499, when it held that the case prescribed. Louisiana Civil Code article 3492, entitled Delictual Actions, states:
Delictual actions are subject to a libera-tive prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage.
| oLa. R.S. 12:1502, entitled Actions against persons who control business organizations, provides in pertinent part:
A. The provisions of this Section shall apply to all business organizations formed under the laws of this state and shall be applicable to actions against any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated.
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty, including without limitation an action for gross negligence, but excluding any action covered by the provisions of Subsection D of this Section, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event shall an action covered by the provisions of this *710 Subsection be brought more than three years from the date of the alleged act, omission, or neglect.
D. No action for damages against any person listed in Subsection A of this Section for intentional tortious misconduct, or for an intentional breach of a duty of loyalty, or for an intentional unlawful distribution, or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law, shall be brought unless it is filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission, or within two years from the date the alleged act or omission is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission.
Lastly, a personal action is defined as “one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.” La. C.C.P. art. 422; Parry v. Administrators of Tulane Educ. Fund, 2002-0882 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, 40, writ denied, 2002-2478 (La.12/19/02), 883 So.2d 346. In the absence of any applicable legislation, personal actions are subject to a liberative prescription of ten years. La. C.C. art. 3499. We have held that the introductory clause of La. C.C. art. 3499 is a “catch-all provision” that covers personal actions not specifically covered by any other prescriptive period. Parry v. Administrators of Tulane Educ. Fund, 2002-0382, p. 16 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, 40, writ denied, 2002-2478 (La.12/19/02), 833 So.2d 346.
This Court has recognized that the facts forming the basis of a cause of action may afford a plaintiff concurrent remedies. dela Vergne, 99-0364, p. 9, 745 So.2d at 1276 (citing Aetna Life & Cas. Co. v. Dotson, 346 So.2d 762 (La.App. 1 Cir.1977), writ den., 349 So.2d 1272). In the matter sub judice, I would find that the petition of AWFC is based on a lease, and actions grounded on a lease are personal actions. 2 A.N. Yiannopoulos, Louisiana Civil Law Treatise-Property § 242 (4th ed.2010); Good v. Laird, 41,205, p. 7-8, (La.App. 2 Cir. 6/30/06), 935 So.2d 809, 813 [where the Second Circuit held that an action to nullify a lease is a personal right]. There are no other prescriptive periods for personal actions applicable to this matter.
The nature of the right that each litigant seeks to enforce determines the classification of an action as personal or real. 2 A.N. Yiannopoulos, Louisiana Civil Law Treatise-Property § 242 (4th ed.2010). Our jurisprudence distinctly recognizes that actions grounded on a lease are personal actions. In the matter sub judice, AWFC seeks to enforce the leasehold interest that originated in 1972, but was allegedly altered by the unauthorized ex parte actions of Ms. Pritchard. Other courts have held that a prescriptive plea has no standing against contracts charged to be without legal authority and null and void ab initio. See Caster v. Miller, 39 F.Supp. 120,125 (EJD.La.1941).
AWFC may very well have levied delic-tual and statutory claims against Ms. Pritchard; however, the allegations contained within the Second Amended, | ^Supplemental, and Restated Petition for Declaratory Judgment are primarily based on the lease. This is especially true when considering that the actual relief sought by AWFC is the clearing of its leasehold interest with the District. Other than describing the role of Ms. Pritchard in having the lease assigned and her actions subsequent thereto, AWFC does not seek any relief from Ms. Pritchard. Indeed, *711 essentially the relief sought is for the Third and Fourth Lease Amendments to be declared void ab initio, and that AWFC is recognized as the proper lessee by the district court. Thus, I would apply a ten year prescriptive period to this matter under La. C.C. art. 3499.
A prescriptive period begins to run if the injured party has constructive knowledge of facts that would entitle him to bring a suit. Campo v. Correa, 2001-2707, p. 12 (La.6/21/02), 828 So.2d 502, 510-11. The Supreme Court explained that constructive notice:
... is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Ledet v. Miller, 459 So.2d 202 (La.App. 3 Cir.1984), writ denied, 463 So.2d 603 (La.1985); Bayonne v. Hartford Insurance Co., 353 So.2d 1051 (La.App. 2 Cir.1977); Opelousas General Hospital v. Guillory, 429 So.2d 550 (La.App. 3 Cir.1983).
Id., 2001-2707, p. 12, 828 So.2d at 510-11.
The earliest possible prescriptive period would have commenced in December of 1991, when the lease was assigned to Ms. Pritchard. From the time that the initial lease assignment was made in 1991, to the date that AWFC filed suit against Ms. Pritchard in 2007, over fifteen years passed. Mr. W. Pritchard was the secretary of AWFC in 1991, and both he and Mr. Brown co-owned AWFC with Ms. Pritchard, pursuant to the December 1987 contract. However, AWFC pled that the 1991 lease assignment was not approved by AWFC; consequently, it Rstands to reason that neither Mr. W. Pritchard, in his capacity as secretary, nor Mr. Brown knew of the alleged improper assignment at the time it occurred. Ms. Pritchard points out that Mr. W. Pritchard listed the disputed Boathouse as a Community Property asset in a 1997 Sworn Detailed Descriptive List. She also argues that in 1996, Mr. W. Pritchard made a Public Records Request to the District requesting to see the 1991 amended lease. This evidences that in 1996 or by 1997, Mr. W. Pritchard was aware that Ms. Pritchard claimed ownership of the Boathouse, otherwise he would not have known to list the property as a community asset. Thus, within five (5) or six (6) years of the lease assignment, either Mr. Brown or Mr. W. Pritchard knew about the 1991 lease amendment.
Either Mr. Brown or Mr. W. Pritchard contractually had the right to sue on behalf of AWFC when they discovered the alleged improper lease assignment because the men became shareholders of AWFC in 1987, pursuant to their agreement with Ms. Pritchard. A shareholder may sue to recover losses to a corporation secondarily through a shareholder’s derivative suit. See St. Bernard Optical Corp. v. Schoenberger, 05-0548, p. 6 (La.App. 4 Cir. 1/25/06), 925 So.2d 604, 608 (citing Pittman v. Beebe, 95-1342 (La.App. 3 Cir. 3/6/96), 670 So.2d 761). Thus, as shareholders of the corporation, both Mr. W. Pritchard and/or Mr. Brown could have timely filed suit against Ms. Pritchard on behalf of AWFC. Moreover, either man could have sued in their personal capacity to both enforce the 1987 contract and contest the alleged improper assignment. Nevertheless, by 2007 or ten years from 1997 — at the latest — under a liberative prescriptive period of ten years, AWFC, Mr. Brown or Mr. W. Pritchard should have filed suit against Ms. Pritchard with regard to the *712 1991 lease amendment. AWFC waited until October of 2008 to file suit.
However, the record shows that in March of 2004, Ms. Pritchard stipulated that AWFC has always been the owner of Boathouse # N-33. Such a stipulation ^appears to be an acknowledgement of the ownership interest of AWFC. Louisiana Civil Code article 3464 provides that “[prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.”
An acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest, or by pledge, or in other ways. In other words, it need not be in any particular form. It may be implicit or it may be inferred from the facts and circumstances. Richardson v. Louisiana Farm Bureau Mut. Ins. Co., 393 So.2d 200, 202 (La.App. 1 Cir.1980) writ denied, 398 So.2d 529 (La.1981) (citing Lake Providence Equipment Company v. Tallulah Production Credit Association, 257 La. 104, 241 So.2d 506 (1970)); Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul.L.Rev. 430 (1940). “If prescription is interrupted, the time that has run is not counted, but commences to run anew from the last day of interruption.” La. C.C. art. 3466.
In the instant matter, the stipulation between the parties was executed within approximately eight (8) years of 1996. If the 2004 stipulation entered into by Ms. Pritchard is an acknowledgement, the ac-knowledgement was made within the ten (10) year personal prescriptive period that would have elapsed by 2007, at the latest. Consequently, I would remand this matter to the district court to determine whether prescription was interrupted against Ms. Pritchard as to any portion of the claims levied against her, and to further determine what effect, if any, such an interruption of prescription would have on the present litigation. Thus, I respectfully dissent in part from the opinion of the majority.