DANIEL L. DYSART, Judge.
 

 I,The two captioned cases, although from two separate jurisdictions, were consolidated for consideration in this Court because the cases are factually similar and the issue to be decided is the same. Each of the trial courts granted an Exception of Prescription filed by the defendant, Louisiana Farm Bureau Mutual Insurance Company [hereinafter “Farm Bureau”], and each plaintiff has appealed. For the following reasons, we affirm both trial court judgments.
 

 Factual and Procedural Backgrounds— Helen Duckworth:
 

 Ms. Duckworth claimed damages to her home in Arabi, Louisiana, as a result of Hurricane Katrina, which struck the New Orleans metropolitan area on August 29,
 
 *836
 
 2005. She retained counsel and was a named plaintiff in a mass joinder complaint filed on August 29, 2007 entitled,
 
 “Acevedo v. AAA Insurance
 
 ” in the United States District Court for the Eastern District of Louisiana. That suit was subsequently dismissed because it was filed in a court of incompetent jurisdiction.
 
 [1]
 
 Ms. Duckworth filed the subject lawsuit on December 30, 2008, in the 34th Judicial District for the Parish of St. Bernard. She alleged that prescription had been ^interrupted pursuant to Louisiana Civil Code Article 3463, with the filing of the lawsuit filed in federal court.
 

 In February 2011, defendant Farm Bureau filed Peremptory Exceptions of Prescription and/or Peremption and No Right of Action and Answer and Affirmative Defenses. A hearing was had on April 8, 2011.
 

 Ms. Duckworth argued in opposition that when she filed the instant lawsuit in December of 2008, the allegations made of underpayment of damages and bad faith penalties were also claims alleged in at least one class-action that named Farm Bureau as a defendant,
 
 Vinturella v. Louisiana Farm Bureau Insurance Company,
 
 which was filed in Civil District Court on August 24, 2006.
 
 [2]
 
 Thus, because she was a putative member of a class action filed in a court of competent jurisdiction, prescription was suspended and the instant lawsuit was timely.
 

 The trial court granted Farm Bureau’s Exception of Prescription, and dismissed plaintiffs suit, with prejudice.
 

 Factual and Procedural Backgrounds— Tony Smith:
 

 Tony Smith, who claimed damage to his home in Orleans Parish from Hurricane Katrina, filed the subject lawsuit on December 30, 2008, in the Civil District Court for the Parish of Orleans. Mr. Smith also argued that prescription had been interrupted due to the filing of the
 
 Acevedo
 
 lawsuit in federal court.
 

 Farm Bureau filed identical exceptions and an answer and affirmative defenses in Civil District Court as had been filed in the 34th Judicial District.
 

 Mr. Smith opposed the exception of prescription arguing that he filed his individual lawsuit alleging underpayment of damages and bad faith penalties, | swhich were claims in at least two class actions of which he was a putative member:
 
 Vinturella v. Louisiana Farm Bureau
 
 and
 
 State of Louisiana v. AAA Insurance.
 
 He asserts that his status as a putative member of those two actions therefore suspended the running of prescription against him.
 

 Following a hearing, the trial court issued a judgment and written reasons on June 20, 2011, granting Farm Bureau’s Exception of Prescription.
 

 DISCUSSION:
 

 The standard of review for an appellate court reviewing the grant of an exception of prescription is whether the trial court’s finding of fact was manifestly erroneous.
 
 Taranto v. Louisiana Citizens Property Ins. Corp.,
 
 10-0105, p. 4 (La.3/15/11), 62 So.3d 721, 726;
 
 Carter v. Haygood,
 
 04-0646, p. 9 (La.1/19/05), 892 So.2d 1261, 1267.
 

 In their petitions for damages, both Ms. Duckworth and Mr. Smith claimed that prescription was interrupted by the filing of the “mass joinder” action in federal court,
 
 Acevedo v. AAA Ins. Co.
 
 Howev
 
 *837
 
 er, Louisiana Civil Code art. 3463, on which plaintiffs originally relied to argue an interruption of prescription, was rendered inapplicable upon the federal court’s dismissal of the suit and plaintiffs’ concession that the
 
 Acevedo
 
 case was filed in a court of incompetent jurisdiction.
 

 Faced once again with the prescription issue, plaintiffs argued in opposition to the exceptions of prescription that prescription was suspended because they were putative plaintiffs in lawsuits filed in Civil District Court on August 24, 2006, namely,
 
 Vinturella v. Louisiana Farm Bureau
 
 and
 
 State of Louisiana v. AAA Insurance.
 
 Plaintiffs redirected their argument to rely on La.Code Civ. Proc. art. 596, the prescription article applicable to class and derivative actions.
 

 |4PIaintiffs argued that the plain language of Article 596 suspended the running of prescription on their claims. They cited
 
 Taranto v. Louisiana Citizens Property Ins. Corp.,
 
 10-0105 (La.3/15/11), 62 So.3d 721, in support of their position that the time periods contained in insurance contracts are prescriptive in nature and are subject to all laws governing liberative prescription. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ.Code art. 3447.
 

 There are two Louisiana appellate court decisions which address the impact of Louisiana Code of Civil Procedure art. 596 on cases with the same factual scenarios as these consolidated cases:
 
 Katz v. Allstate Ins. Co.,
 
 04-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443, and
 
 Lester v. Exxon Mobil Corp.,
 
 09-1105 (La.App. 5 Cir. 6/29/10), 42 So.3d 1071,
 
 writ denied
 
 10-2244 (La.12/17/10), 51 So.3d 14. Additionally, the United States District Court for the Eastern District of Louisiana recently ruled similarly in
 
 Dixey v. Allstate Ins. Co.,
 
 09-443 (E.D.La.9/21/11), 2011 WL 4403988.
 

 All three cases hold that a plaintiff forfeits his entitlement to rely on the suspension provisions of La.Code Civ. Proc. art. 596 when he files an individual lawsuit prior to the certification of the class in the lawsuit upon which he relies to suspend prescription.
 

 In both cases before us, the plaintiffs filed individual lawsuits prior to the certification of the two class actions upon which they rely. Although both plaintiffs argue that they did not “opt out” of the class actions suits, as Judge Murray stated in her concurrence in the
 
 Katz
 
 case:
 

 [[t]he mover] cites federal district court cases from various jurisdictions which hold that a plaintiff who files an independent action
 
 before
 
 a determination on class | ¡^certification has been made cannot benefit from the tolling of prescription applicable to putative class members under federal law. The underlying rationale for this rule, which is that the plaintiff has effectively “opted out” of the class action by filing his own suit, seems to apply to the instant situation as well.
 

 Katz,
 
 04-1133, p. 7, 917 So.2d at 447-48.
 

 Applying the above rationale and the holding in the
 
 Katz
 
 case, upon which this Court must rely, we find that both the judgment of the 34th Judicial District Court and the judgment of the Civil District Court are correct. Accordingly, the rulings are affirmed.
 

 AFFIRMED
 

 [1]
 

 . The named defendant, Farm Bureau, is a Louisiana corporation, and therefore, the requirement of diversity was not present for jurisdiction to be proper in federal court.
 

 [2]
 

 . Civil District Court for the Parish of Orleans, Docket No. 2006-8340.