GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing an action on a promissory note held by the plaintiff, Rose D. Chauser, on an exception of prescription. From that judgment, which we affirm, plaintiff appeals.
On appeal, plaintiff argues that the trial court erred in rendering judgment in the absence of a contradictory hearing and that due to the absence of a contradictory hearing, plaintiff-holder was denied the opportunity to offer evidence of interruption of prescription.
Upon our independent review of the record, we note that the exception was filed on December 17, 1979. On that same day, the trial judge signed an order setting the exception for hearing on January 24, 1980. The exception and order also exhibit a cer-. tificate of the clerk reading:
“I hereby certify that a copy of the foregoing motion and/or order has . been mailed to all counsel of record this 17th day of December, 1979 By: /S/ Denise Bye (Deputy Clerk), Charles J. Oubre, Jr., Clerk of Court.”
At the hearing held on January 24, 1980, plaintiff neither appeared for the hearing, nor was represented by her attorney. As no evidence was presented by plaintiff, judgment dismissing her case was entered that day. We note that the judgment contains a certificate of mailing by the Clerk of Court dated January 24, 1980.
We conclude that plaintiff did have an opportunity to present evidence at a contradictory hearing, but failed to avail herself of that opportunity. Plaintiff now seeks to present evidence by attaching photocopies to the back of her brief. The uncertified photocopies are of evidence not contained within the record, hence they are outside of the scope of review of this court.
The trial court concluded that the mortgage executed on October 8, 1965 and payable in sixty monthly installments (5 years) was a mortgage the entire indebtedness of which matured in less than nine years under C.C. Art. 3369. The date of registration of the mortgage was October 22,1965,10:27 a. m., but the mortgage was not reinscribed in 1975, when the 10 year period had run. The court further concluded that the promissory note had prescribed under C.C. Art. 3540, which provides for a 5 year prescriptive period. In the absence of proof, as opposed to mere allegations of interruption of prescription, the trial court’s judgment is correct.
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

REDMANN, J., concurs and assigns written reasons which are attached hereto.