LEMMON, Justice.
This is a suit on a promissory note executed on October 8, 1965 by defendants Glenn Babin and his former wife. The issue is whether the debt had prescribed before suit was filed on July 25, 1979.
When Mr. Babin was not served with the original petition, the court appointed an attorney to represent him. The attorney filed on his behalf an exception of prescription. Although the record indicates that the trial judge signed the order setting Mr. Babin’s exception for trial and that the clerk of court certified notice had been mailed to all counsel, neither plaintiff nor her attorney appeared at the hearing, at which Mr. Babin testified. The trial court ruled that the note was prescribed and dismissed plaintiff’s suit as to Mr. Babin.[1] Plaintiff moved for a. new trial, contending she did not receive notice of the trial of the exception, but the trial court denied the motion without a hearing.
Plaintiff appealed, contending that she was not notified of the hearing on the exception and was denied an opportunity to present evidence. The .court of appeal affirmed, concluding that notice of the hearing was mailed to plaintiff, but that she failed to avail herself of the opportunity to present evidence. 398 So.2d 20 (La.App.). The court also concluded that there was no proof to support plaintiff’s allegations that prescription had been interrupted by payment.[2]
Plaintiff, now acting in proper person, filed an application for certiorari in this court. We granted plaintiff’s application because the scheduled payments, listed in answers to interrogatories (which were included in plaintiff’s application), indicated prescription had been interrupted.[3] 401 So.2d 995 (La.). After a review of the record, we now find that the judgment sustaining the exception of prescription was incorrect.
At the hearing on the exception of prescription, the only evidence presented was the testimony of Mr. Babin, who stated that he had made payments on the note “for a *1007 little while” and estimated that it had been five or six years since his last payment.[4] When asked directly by his own counsel whether five years had elapsed between his last payment and the date that suit was filed, Mr. Babin responded, “I’m saying five years — it could have been four and one half...."
In an action on a note, when on its face the note is prescribed and the plaintiff alleges that prescription has been interrupted by payment, the plaintiff has the burden of proving the interruption of prescription. Lake Providence Equip. Co. v. Tallulah Prod. Credit Ass’n, 257 La. 104, 241 So.2d 506 (1970). In the instant case plaintiff had the burden to prove her allegations that payments had been made on the note as recently as December, 1977. Because she did not appear at the trial of the exception, plaintiff presented no evidence to support her allegations. Nevertheless, the testimony of Mr. Babin himself negates a finding that no payments were made during the five-year period prior to suit. Mr. Babin conceded that he may have made payments within that period, and plaintiff’s sworn answer to interrogatories, filed in the record, indicate that payments were made as late as December, 1977. In light of this evidence, the trial court improperly sustained the exception of prescription.
Accordingly, the judgments of the lower court are reversed, and the exception of prescription filed by Glenn Babin is overruled. The case is remanded to the trial court for further proceedings.

. Mrs. Babin included a plea of prescription in her answer. However, neither she nor her counsel appeared at the trial of the exception, and the judgment was silent as to any disposition of her plea. Insofar as the present record shows, the suit against Mrs. Babin is still pending in the trial court.

. The original petition alleged that no payments had been made on the note. However, plaintiff subsequently amended her petition to allege that payments were made on the note periodically between November 30, 1965 and December 15, 1977.

. Some members of the court were also concerned that the trial court may have abused its discretion by denying without a hearing the motion for new trial based on lack of notice of trial. However, as suggested by the concurring opinion by the court of appeal, plaintiff could still have sought relief by an action to annul the judgment.

. The answers to interrogatories indicate that Arrow Loan Company was the original holder of the note and that plaintiff purchased the note from Arrow in July, 1979.