JjKLIEBERT, Chief Judge.
Plaintiff, Rosa Pineda, appeals a judgment dismissing her petition for an accounting and for monetary damages filed against the defendants, Frederick A. Ruppel, III, and My-riam H. Ruppel. For the reasons which follow, we affirm the trial court’s judgment.
Juan B. Pineda, the plaintiffs husband and the father of defendant, Myriam H. Ruppel, was seriously injured in an automobile accident in 1979. In 1980, Juan B. Ruppel was interdicted and Frederick A. Ruppel, III was appointed and confirmed as the curator for the interdict, and his wife, Myriam H. Rup-pel, was appointed and confirmed as the under-curatrix. In 1980, the defendants petitioned for and obtained court authority to settle the personal injury claims of the interdict for $107,500.00, resulting from the automobile accident. Juan Pineda subsequently died on January 20, 1982.
On March 31, 1993, plaintiff filed suit for an accounting of the funds received in the settlement and for breach of the defendants’ fiduciary duties and obligations. Specifically, plaintiffs petition alleges, in pertinent part:
I2T0 date, defendants MR. AND MRS. RUPPEL have failed to faithfully discharge their obligations as curator and under-curator with respect to the aforementioned settlement as well as other matters in the following non-exclusive list of particulars:
(1) Their acceptance of insurance settlement checks on behalf of Mr. Pineda totalling $107,500 and their failure to use these funds for the benefit of Mr. Pine-da;
(2) Their failure to pay all of Mr. Pine-da’s medical bills, including but not limited to a $50,000 bill to Ochsner Foundation Hospital, which remains unpaid despite the fact that these bills should have been paid out of the settlement funds received by the curator in 1980;
(3) Their failure to give an itemized accounting of how Mr. Pineda’s settlement proceeds totalling $107,500 were spent and their failure to turn over the balance of these funds to Mr. Pineda’s surviving spouse upon Mr. Pineda’s death;
(4) Their failure to give an itemized accounting of how they used Mr. Pineda’s other money, property, and assets, including but not limited to the $400,000 that Mr. Pineda had in the bank;
(5) Their failure to give an itemized accounting of the money, property, and other assets of Mr. Pineda at the time of his death on January 20, 1982;
(6) Their failure to turn over the remaining money, property, and other assets to Mr. Pineda’s surviving spouse, Mrs. Rosa Pineda, believed to total several hundred thousand dollar’s, despite the • fact that defendants knew the whereabouts of Mrs. Pineda at all times;
(7) Their mismanagement of Mr. Pine-da’s money, assets, and property and/or their inappropriate use of Mr. Pineda’s money for improper purposes;
all of which are in violation of the dictates of common sense and the statutes and ordinances of the State of Louisiana and the Parish of Jefferson, and all of which are plead herein by reference as if copied herein in extenso.
*860 In response to plaintiffs petition, the defendants filed a peremptory exception of prescription. The trial court sustained the defendants’ exception of prescription and dismissed plaintiffs suit, with prejudice, at her costs.
The prescriptive period for actions based on breaches of a fiduciary duty and for an accounting of the property held by the fiduciary is ten years. LSA-C.C. art. 3499; Spruiell v. Ludwig; 568 So.2d 133 (La.App. 5th Cir.1993). Delictual actions are ^subject to a liberative prescription of one year which commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492.
The nature of a cause of action must be determined before it can be decided which prescriptive term is applicable. Hampton v. Hibernia National Bank, 598 So.2d 502 (La.App. 2nd Cir.1992); State of Louisiana, Department of Highways v. City of Pineville, 403 So.2d 49 (La.1981). The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275 (La.1989).
Plaintiffs petition alleges facts which indicate that the defendants wrongfully exercised authority over the funds of the interdict. These allegations are delictual in nature and as such are subject to the one year prescriptive period under LSA-C.C. art. 3492. Plaintiffs petition also alleges that the defendants failed to faithfully discharge their duties and obligations as curator and under-curator of the interdict with respect to the settlement and the funds obtained in the settlement, them failure to use the funds for the benefit of the interdict, and them failure to account for the funds and assets of the interdict. Therefore, those allegations are subject to the liberative prescriptive period of ten years under LSA-C.C. art. 3499.
From our review of the record, it is clear that plaintiffs causes of action, as alleged, are prescribed on the face of the petition.
On appeal, plaintiff also argues that the district court should have applied the doctrine of contra non valentem as pronounced in Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987) in support of her argument that prescription was suspended or interrupted. Plaintiff further argues that the information available to her suggests fraud and/or other wrongdoing on the part of the curator and under-curator.
The party pleading the exception of prescription has the burden of proving that prescription has accrued. New Orleans v. Elms, 566 So.2d 626 (La.1990); Langlinais v. Guillotte, 407 So.2d 1215 (La.1981). This is the rule unless prescription is evident from the face of the pleadings, in which case the plaintiff bears the burden of showing the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
Having made out a prima facie case of prescription, the defendants were entitled to have their peremptory exception maintained unless the plaintiff could show the interruption or suspension of prescription. Chauser v. Babin, 412 So.2d 1005 (La.1982). In this case, plaintiff failed to allege any grounds which would apply to and failed to introduce any evidence at the prescription hearing in support of the situations enumerated under the contra non valentem principle. We therefore conclude that the trial court did not err in sustaining defendants’ peremptory exception.
For the reasons assigned, we affirm the lower court decision sustaining the defendants’ peremptory exception and dismissing plaintiffs suit. All costs of this appeal are assessed to plaintiff.

AFFIRMED.