BROWN, C.J.
| ¶ Plaintiff, Opal McNeal, has appealed from the trial court’s judgment granting exceptions of prescription and res judicata filed by defendants, Melvin McNeal and CR Enterprises, Inc. For the reasons set forth below, we reverse and'remand.

Facts and Procedural. History

The decedent, Luella E. McNeal, died intestate on May 22, 1999, in Ouachita Parish, Louisiana. Her sole heirs were *1090 her two sons, Ronald and Melvin McNeal. Just before Luella’s death, the “Revocable Trust of Luella McNeal” was formed, with Melvin designated as the trustee, and Melvin and Ronald named as beneficiaries.[1] Apparently there has been a plethora of litigation in this matter since the year 2000. Ronald, the husband of plaintiff-appellant, Opal McNeal, opened his mother Luella’s succession in 2000 and petitioned the trial court to be appointed as administrator.
Ronald filed a sworn detailed descriptive list of assets, which was traversed by his brother Melvin, who ai’gued that all of the assets belonged to the trust. Ronald ■filed a motion to enjoin disposal of trust assets on September 20, 2007. ■ Thereafter, on July 3, 2008, Ronald filed a motion to dissolve the trust and return assets to the succession and/or remove Melvin as trustee. Ronald made specific allegations of fraud, illegal donations and breach of fiduciary duty by Melvin in creation and management of the trust. A stipulated judgment was entered into by Ronald and Melvin on September |¾2, 2008, providing that: (1) Melvin as trustee was authorized to borrow. $155,000 from First National Bank, said loan to be secured by a first mortgage on property belonging to the trust, with the loan proceeds being paid to satisfy a large judgment against the trust, together with court costs, loan and appraisal fees, attorney fees and a $10,000 fee to Melvin as trustee to “improve the [property so that portions can be sold to produce funds to pay the [l]oan”;[2] (2) Melvin as trustee was authorized to sell portions of the trust property to third parties at prices, terms and conditions that he, in his discretion, deemed appropriate, with all proceeds being paid to First National Bank to be applied to the loan; and (3) upon payment of the loan in full, the trust was to be terminated and all trust assets were to be transferred to Ronald in his capacity as administrator of the Succession of Luella E. McNeal. The accompanying “Joint Stipulation” provided, inter alia,, that the parties’ compromise settlement as set forth in the judgment resolved all matters presented in Ronald’s July 3, 2008, motion and that the judgment contained all terms of their settlement..
Thereafter, on May 18, 2009, - Ronald filed another rule to show cause, asserting commingling and breach of fiduciary duty on .the part of Melvin. Included in this rule were allegations that, after the September 2, 2008, consent judgment was signed, Ronald discovered that the trust property to be used as collateral for the loan referenced in the consent judgment had already been used to secure a personal loan for Melvin. |sRonald also urged that Melvin had failed to communicate with him, continued to use the trust assets as his own personal property, failed to make any required accountings, used trust funds and mineral royalties for his own'benefit, sold some trust property, and' concealed trust assets.
On June 14, 2010, Melvin filed a motion to modify the September 20, 2008, consent *1091 judgment and to revoke Ronald’s appointment as administrator of their mother’s succession. In response, Ronald filed an exception of res judicata. Melvin filed a trustee’s accounting'into the record on November 17, 2010. Ronald’s attorney deposed Melvin and questioned him about the accounting and exhibits attached .thereto- .
Ronald died testate during this litigation and his wife, Opal McNeal, was his, sole legatee. On August 10, 2011, Opal'filed a motion to substitute in the instant litigation, and she has been substituted as party plaintiff in her capacity as the executrix of the Succession of Ronald McNeal. On September 8, 2011, Opal filed a motion to dissolve the trust and partition the remaining property, reiterating the claims of fraud and mismanagement asserted by Ronald in his May 18, 2009, rule to show cause. In a judgment dated November 18, 2011, the trial court ordered enforcement of the August 28, 2008, consent judgment dissolving the trust and transferring assets previously held by the trust to the-Succession of Luella E. McNeal. Melvin was also appointed as the. administrator of his mother’s estate.
The trial court denied requests made by Opal for any financial records that were not succession-related in a ruling issued on May 30, 2013. Thereafter, on November 22, 2013, Opal filed suit against Melvin and CR | ¿Enterprises, claiming that they were liable to her for the loss of or diminished value of assets from the estate of Luella McNeal caused by acts of fraud and ill practices, including specific allegations involving misappropriation of estate assets by use of a fraudulently obtained power of attorney, improper donations, assumption of a personal loan, commingling of company stock with- trust assets, administration of the trust through improper business dealings, improper transactions such as an attempted sale which resulted in a judgment against the trust, entering into a loan, and mortgaging of trust property as security for personal loans.
Defendants filed exceptions of prescription, vagueness, no cause of action, and res judicata. The trial court deniéd the exceptions of no cause of action and vagueness, but sustained the exceptions of prescription and res judicata. Plaintiff has appealed from this adverse ruling.

Discussion

Prescription

The trial court found that plaintiffs demands were prescribed. Specifically, the court- found, “In this case, the final accounting was filed (by the trustee) in 2010 and this new Petition (by Opal) was filed in 2013. Thus, it has prescribed under the provision of La. R.S. 9:2234.”
In her opposition, plaintiff notes that her claims are not those of a beneficiary against a trust/trustee, but are actually claims against Melvin in his rolé as administrator of Luella’s succession. Melvin has been named administrator of the estate of Luella McNeal and was ordered to dissolve the trust, transfer property to the estate and render a final accounting in the trial Iscourt’s November 18, 2011, judgment; however, he has not, done so. As her petition and amending petition clearly allege, plaintiffs claims are against Melvin, her husband’s co-heir and administrator of their mother’s estate, and Melvin’s company for mismanagement, breach of fiduciary duty, fraud and ill practices. According to plaintiff, the applicable prescriptive period is the 30-year period set forth in La. C.C. art, 3502 or the ten-year period set forth in La.C.C. .art. 3499..
- As noted above, this record is not complete, but on the face of plaintiffs petition and amending petition, she has alleged with specificity continuing acts of fraud *1092 and breach of fiduciary duty on the part of her brother-in-law, Melvin McNeal, and his company, CR Enterprises, beginning in 2001. As discussed infra, neither of the consent or compromise judgments purports to address these substantive complaints, some of which were first asserted by Ronald against his brother in Ronald’s July 3, 2008, motion and rule to dissolve the trust and return assets to the succession. Thereafter, further alleged acts of wrongdoing and breach of fiduciary duty on the part of Melvin were added, first by Ronald, and then by Opal after her husband’s death, as Melvin continued in his failure to account for the assets which he and his brother Ronald should have received either as beneficiaries of the trust and/or co-heirs of Luella McNeal’s estate.
The trial court erred in finding that plaintiffs claims against defendants have prescribed. While some of her claims are related to the trust and Melvin’s role in its creation and management, what plaintiff seeks (and her husband sought prior to his death) is resolution and clarification of | r,the monetary value of the assets to which Ronald was entitled to as co-owner, whether as trust beneficiary or intestate heir, as a result of his mother’s death. These claims are subject to the 30-year .prescriptive period of La. C.C. art 3502, which applies to actions for the recognition of rights of inheritance and recovery of the whole or part of a succession, and/or the ten-year prescriptive period set forth in La. C.C. art. 3499, which applies, inter alia, to actions based on the breach of a fiduciary duty and for an accounting of the property held by the fiduciary (see Pineda v. Ruppel, 94-136 (La.App. 5th Cir.06/28/94), 639 So.2d 858); and actions based on a joint owner’s failure to account to a co-owner (see In re Succession of Moore, 97-1668 (La.App. 4th Cir.04/01/98), 737 So.2d 749, writ denied, 99-0781 (La.04/30/99), 743 So.2d 207; and Ellias v. Ellias, 94-1049 (La.App. 3d Cir.03/01/95), 651 So.2d 939, writ denied, 95-0832 (La.05/05/95), 654 So.2d 333). See also, Succession of Mayeux, 339 So.2d 1236 (La.App. 3d Cir.1976).
A determination of whether plaintiffs allegations of breach of fiduciary duty, mismanagement and fraud are meritorious will necessarily include an examination of the circumstances surrounding the formation and management of the trust by Melvin, since Melvin’s duty as executor of Luella’s succession now encompasses any previous misappropriation or breach of fiduciary duty on Melvin’s part that occurred before he became executor because of his duty to recover the succession property. See In re Succession of Moore, supra. Ronald and now plaintiff have contested the validity of the trust and Melvin’s actions as trustee from the time Ronald 17and Opal learned of the trust’s existence; the dispute is now between plaintiff and her brother-in-law, in his capacity as the administrator of Luella McNeal’s succession, and his company, for loss or diminished value of the assets which - would have been included in the Succession of Luella E. McNeal absent fraud, mismanagement and ill practices on the part of defendants.
However, if plaintiffs allegations of continuing fraud and mismanagement on the part of Melvin and his company are established, we note that a continuing tort serves as a bar to the running of prescription when continuous conduct causes continuing damages. See First National Bank, Bienville Parish v. Smith, 29,350 (La.App.2d Cir.04/02/97), 691 So.2d 355.

Res Judicata

We also find error in the trial court’s ruling on defendants’ exception of res judicata. There are two judgments in this record that defendants relied on in *1093 arguing res judicata. The first one, signed on September 2, 2008, did not address the merits of Ronald’s motion to dissolve the trust, which contained specific allegations of fraud in the trust’s creation and management by Melvin. Nonetheless, in an accompanying joint stipulation, the parties to this consent judgment, Ronald and Melvin, as well as the third party creditor of the trust, indicated an intent to “resolve all matters presented in Petitioner’s Motion and Rule to Dissolve Trust and Return Assets to the Succession of Luella E. McNeal ...”
| sWhile this judgment will not allow the trial court to specifically adjudicate the claims asserted by Ronald against -his brother Melvin in the motion to dissolve the trust, the trial court will, in delving into some of the allegations raised by plaintiff in her pleadings, have to revisit some of the issues asserted by Ronald in his motion. A determination of whether Melvin has, inter alia, breached his fiduciary duty as the administrator of his mother’s estate and acted to the detriment of his co-heir/co-owner, Ronald, in whose shoes Opal now stands, will necessarily involve an accurate accounting of the estate property, which will include the period of time it was part of the trust.
Likewise, res judicata does not serve as a bar to this action. The second judgment relied upon by defendants, dated November 18, 2011, does nothing more than order that the previous consent judgment (the September 2, 2008, judgment) dissolving the trust be enforced and that all assets previously held by the trust be transferred to the Succession of Luella E. McNeal.

Conclusion

For the reasons set forth above, the judgment of the trial court granting the exceptions of prescription and res judicata is reversed and this matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs of this appeal are assessed to defendants-appel-lees, McNeal and C.R. Enterprises.
APPLICATION FOR REHEARING'
Before BROWN, DREW, LOLLEY, PITMAN, and GARRETT, JJ.
Rehearing Denied.

. Some of the factual statements in this opinion are taken from the parties’ briefs, given the sparsity of. the record on appeal. There are no transcripts; some, but not all, of the pleadings, are included; and, there is no copy of the trust instrument in the record, although a copy of the trust document was apparently ■ ■ filed in the Ouachita Parish conveyance records.

. The balance of the loan proceeds, if any, was to'be deposited in a bank account at First National Bank in the names of Ronald and ■ Melvin, and the account was to be pledged to secure payment on the loan, as well as to be available to pay loan installments and income taxes due from any sale of the land.